# IN THE UNITED STATES DISTRCIT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JULIE MCMILLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIRMINGHAM-JEFFERSON )<br>COUNTY TRANSIT AUTHORITY, )<br>)<br>Defendant. ) | CIVIL ACTION NO.:<br><br>Jury Demand |

## COMPLAINT

### I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4), 27 U.S.C. § 2201 and 2202. This is a suit authorized and instituted pursuant to the Family Medical and Leave Act "FMLA". The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by the FMLA providing injunctive and other relief against violations of the FMLA.

### II. PARTIES

1

2. Plaintiff, Julie McMillan, ("Plaintiff") is a female citizen of the United States and is a resident of Alabaster, Alabama.

3. Defendant, Birmingham-Jefferson Transit Authority, ("Defendant") is the public transportation operating in the city of Birmingham, Alabama.

4. In 1972, the Alabama Legislature passed enabling legislation permitting the formation of publicly operated transit authorities in Alabama, thereby creating the Defendant.

5. Created in 1972 to take over transit operations from private operators, Defendant operates 109 buses on 38 routes. It also operates paratransit and "vintage trolley" (trolley-replica bus) services.

6. Defendant operated under the branding MAX or Metro Area Express.

7. Defendant's service areas including Birmingham, Bessemer, Fairfield, Homewood, Mountain Brook, Hoover, and Vestavia Hills.

8. In 2015, Defendant employed 50 or more employees within a 75 mile radius.

9. In 2016, Defendant employed 50 or more employees within a 75 mile radius.

10. In 2017, Defendant employed 50 or more employees within a 75 mile radius.

11. In 2018, Defendant employed 50 or more employees within a 75 mile

radius.

12.     In 2019, Defendant employed 50 or more employees within a 75 mile radius.

13.     Defendant is an employer within the meaning of the FMLA.

### III. STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

14.     Plaintiff hereby adopts and realleges paragraphs one (1) through thirteen (13) herein above as if fully set forth herein.

15.     Defendant hired Plaintiff, Julie McMillan, in or around 2006.

16.     In 2015, Plaintiff worked for the Defendant as its Director of Finance.

17.     During Plaintiff's employment she received exemplary performance reviews and verbal praise.

18.     Plaintiff had nine independent audits by several different auditing firms during her employment, and all resulted in good reports.

19.     On or about November 13, 2015, Plaintiff took leave protected by the FMLA for back surgery.

20.     When Plaintiff gave Defendant notice of her need for FMLA leave, Defendant did not give her written notice that she qualified as a "key employee."

21.     While on approved FMLA leave, Plaintiff received a letter in the mail terminating her employment effective January 6, 2016.

3

## COUNT ONE

## FMLA INTERFERENCE

22. Plaintiff adopts and realleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

23. As of November 13, 2015, Plaintiff had worked for the Defendant more than 12 months.

24. As of November 13, 2015, Plaintiff had worked 1,250 hours for Defendant in the preceding 12 months.

25. As of November 13, 2015, Plaintiff was entitled to rights under the FMLA, including, but not limited to, leave protected by the statute and reinstatement to the same or equivalent position following her return from leave.

26. Plaintiff's health condition requiring back surgery qualified as a serious health condition under the FMLA.

27. Plaintiff began leave from work protected by the FMLA on November 13, 2015.

28. While on leave protected by the FMLA, Defendant terminated the Plaintiff on or about January 6, 2016.

29. Defendant interfered with the Plaintiff's right to reinstatement under the FMLA.

30. At the time the Defendant terminated the Plaintiff, it had knowledge

of her rights under the FMLA.

31. At the time the Defendant terminated the Plaintiff, it had knowledge of her right to reinstatement under the FMLA.

32. Defendant's interference with the Plaintiff's right to reinstatement under the FMLA was a willful violation of the statute.

33. As a result of Defendant's unlawful actions and violations of the FMLA as herein described, Plaintiff has suffered termination, lost wages, lost salary, loss of employment benefits and/or other compensation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Family Medical Leave Act;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the Family Medical Leave Act;

c. Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, lost wages, backpay, frontpay, liquidated damages, interest, attorney fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### FMLA RETALIATION

34.    Plaintiff adopts and realleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

35.    As of November 13, 2015, Plaintiff had worked for the Defendant more than 12 months.

36.    As of November 13, 2015, Plaintiff had worked 1,250 hours for Defendant in the preceding 12 months.

37.    As of November 13, 2015, Plaintiff was entitled to rights under the FMLA including, but not limited to, leave protected by the statute and reinstatement.

38.    Plaintiff's health condition requiring back surgery qualified as a serious health condition under the FMLA.

39.    Plaintiff began leave protected by the FMLA on November 13, 2015.

40.    After Plaintiff sought and took FMLA leave, Defendant began looking for an excuse to justify terminating her employment.

41.    While on leave protected by the FMLA, Defendant terminated the Plaintiff on or about January 6, 2016.

6

42. Defendant terminated the Plaintiff to retaliate against her for exercising her rights under the FMLA.

43. In 2015 and 2016, Defendant knew it was unlawful to retaliate against an employee for exercising her rights under the FMLA.

44. Defendant's retaliation against the Plaintiff was a willful violation of the FMLA.

45. As a result of Defendant's unlawful actions and violations of the FMLA as herein described, Plaintiff has suffered termination, lost wages, lost salary, loss of employment benefits and/or other compensation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Family Medical Leave Act;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the Family Medical Leave Act;

c. Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, lost wages, backpay, frontpay, liquidated

damages, interest, attorney fees, expenses, costs; and

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Jr. Blvd.
Suite 301
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

_____
HEATHER NEWSOM LEONARD
State Bar ID No.: ASB-1152-O61H
Attorney for Plaintiff

**OF COUNSEL:**

**HEATHER LEONARD, PC**
2105 Devereux Circle
Suite 111
Birmingham, AL 35243
Tel.: (205) 977-5421
Fax: (205) 278-1400
E-mail: Heather@HeatherLeonardPC.com

**PLAINTIFF'S ADDRESS**:

Ms. Julie McMillan
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington, Jr. Blvd.
Suite 301
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

Birmingham-Jefferson County Transit Authority
c/o Theodore Smith, Chairman of the Board for the BJCTA
2121 Reverend Abraham Woods, Jr. Blvd., Suite 500
Birmingham, AL 35202